IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:012CR00142-1 JMM |
| | ) | |
| MARK JONES | ) | |

## SENTENCING MEMORANDUM

In support Defendant states:

### I. PROCEDURAL HISTORY

Mark Jones was charged by way of a superseding indictment to Attempting to Aid and Abet the Possession with Intent to Distribute 1000 Pounds of Marijuana e.g., a violation of 21 U.S.C. § 841.

On June 28, 2013, Jones pled guilty to the single count, pursuant to Rule 11(c)(1) (A) and (B).

The United States Probation Office prepared a Pre-sentence Investigation Report (PSR) on August 22, 2013. The PSR indicated a base offense level (BOL) of 28 and a two point enhancement for a dangerous weapon and a two point enhancement for abuse of a position of public trust; creating a presumptive BOL of 32.

Although Jones had a viable defense of entrapment, he agreed to accept responsibility for his action, pled guilty, met with the case agents and the U.S. Attorneys, and told them about his involvement. Jones also agreed to testify in the case of Randall Robinson.

Jones' position is that the Court should impose a non-guideline sentence in his case; departing to the statutory minimum or lower. In *United States v. Booker,* the United States Supreme Court held the United States Sentencing Guidelines (U.S.S.G.) to be advisory only and

not mandatory. 543 U.S. 220, 246 (2005).  The District Court may give respectful consideration

to the U.S.S.G., but "permits the court to tailor the sentence in light of other [3553 (a)] concerns

as well." *Id* at 246-247. The U.S.S.G., formerly mandatory, now serve as one factor among

several courts must consider in determining the appropriate sentence.

## II.   FACTS AND ARGUMENT IN SUPPORT

1.    THE PLEA AGREEMENT OVERSTATES THE AMOUNT OF DRUGS ATTRIBUTAL TO MARK
JONES.

Mark Jones worked for the Little Rock Police Department for approximately twenty-five

years when he was approached by a confidential informant (CI) working for the Government.  The

CI set up a drug transaction with Jones and an undercover FBI agent.  In 2012 Jones was enticed

by Government agents to escort two alleged shipments of marijuana in exchange for cash pay-

ments to Jones.   Prior to the instant case Jones had never engaged in drug possession, trafficking

or any other conduct related to the transportation, possession or sale of illegal drugs.  In fact, the

alleged target in the instant case was Randal Robinson; with respect to alleged drug trafficking in

2009.  Mark Jones was collateral damage.

Under both the U.S.S.G. and 21 U.S.C.S. Sec. 841(b), the type and quantity of drugs

involved in a drug-related offense largely determines the length of the convicted drug defendant's

sentence. Accordingly, a key step in sentencing a drug defendant is to calculate the type and

quantity of drugs attributable to that defendant. This calculation is not controlled by the type or

quantity of drugs charged in the indictment. Rather, the U.S.S.G.'s require the court to look to the

"relevant conduct" of the defendant. U.S. Sentencing Guidelines Manual Secs. 1B1.2-1.3.  In the

instant case the amount of actual product involved was approximately two pounds, and not the

1000 pounds contemplated in the plea agreement.  Accordingly, the Court should also consider the

amount of actual product and not only the amounts Jones believed he would be transporting.

    2.    JONES WAS NOT PRE-DISPOSED TO COMMIT THE OFFENSE; A FACT THE COURT SHOULD CONSIDER IN CRAFTING AN APPROPRIATE SENTENCE.

As stated herein Mark Jones was not pre-disposed to commit the instant offense.  The Government targeted Jones with a confidential informant Jones met in connection with his work in the comedy business.  This case is void of any pre-disposition or alleged prior criminal conduct. Although Jones agreed to waive the entrapment defense and take responsibility for his actions, this fact can and should be considered by the Court.

### III. Analysis Of 18 USC 3553

Under 18 USC 3553, the court is to craft a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the statute. The factors which determine the Court's sentence are addressed in 18 USC 3553. These factors include the following:

(A) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner.

The Court is also charged with considering:

(1) the nature and circumstance of the offense and the history and

characteristics of the defendant;

(2) the need for the sentence imposed to reflect paragraphs (a)-(d) above;

(3) the kinds of sentences available;

(4) the types of sentences and sentencing range established by the sentencing guidelines;

(5) Sentencing Commission policy statements;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In this case, a minimum sentence or lower will satisfy the requirements of 3553. A minimum sentence will promote a respect for the law. Jones who has served the residents of Little Rock for nearly twenty-five years and understands and accepts he must be punished; however, he asserts that this is abberant behavior and that he still respects the law and the process.  Jones has no criminal history.

A minimum sentence will protect the public from further crimes of Jones.  Jones is not likely to re-offend and is no danger to the community. Jones has already demonstrated that he can comply with the requirements of the law while he has been on pre-trial release, and there is no reason to believe that he cannot continue to comply with the requirements of the law.

It is anticipated that numerous members from the community will testify on behalf of Jones at the sentencing hearing to talk about his character and achievements.

With respect to criteria of the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct, the Court should consider the following from the Delta Blues case which was recently concluded:

1.  Former Helena-West Helena Police Officer Herman Eaton pleaded guilty to one count of money laundering and one count of attempted extortion under color of official right. On May

16, 2012, U.S. District Judge Leon Holmes sentenced Eaton to 16 months imprisonment and 2 years supervised release.

2.   Former Marvell Police Officer Robert Wahls pleaded guilty to attempted interference with commerce by means of extortion ("Hobbs Act") and money laundering. On May 30, 2012, Judge Billy Roy Wilson sentenced Wahls to 24 months imprisonment and 2 years supervised release.

3.   Former Phillips County Deputy Sheriff and Helena West Helena Police Officer Dean Jackson pleaded guilty to one count of drug conspiracy. On June 8, 2012, Judge Moody sentenced Jackson to 80 months imprisonment and 4 years supervised release.

4.   Former Helena-West Helena Police Officer Robert Rogers pleaded guilty to one count attempted interference with commerce by means of extortion ("Hobbs Act"). On August 1, 2012, Judge James M. Moody sentenced Rogers to 14 months imprisonment and 2 years supervised release.

5.   After a jury, trial former Helena-West Helena police officer Sgt. Marlene Kalb was sentenced to 30 months in prison with three years of supervised release.  Kalb was convicted on Dec. 14, 2012, of two counts of attempted extortion under color of official right and two counts of attempt to possess with intent to distribute cocaine.  Kalb's convictions stem from an operation targeting corrupt police officers in the Arkansas Delta, including Helena-West Helena. The jury found that Marlene Kalb, while in uniform and on duty, provided a protective police escort for a purported drug trafficker, who was actually a confidential informant working with the FBI, and his cocaine by trailing him through Helena-West Helena in her police car on September 9, 2011 and September 26, 2011.

## **IV. Safety-Valve**

Mark Jones is eligible for a sentence reduction pursuant to 18 U.S.C. Sec. 3553(f) in that he meets the following criteria:

(**1**) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(**2**) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(**3**) the offense did not result in death or serious bodily injury to any person;

(**4**) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(**5**) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Jones asserts that he has met the requirements to qualify for sentencing pursuant to the "safety valve".   Even if the Government can prove that a firearm was possessed it was not in connection with the offense; but instead, it was only possessed as part of the requirements as his duties as a police officer.

## **V. Acceptance**

6

Jones has accepted responsibility as defined in U.S.S.G. Sec. 3E1.1 and is entitled to a

3 point reduction of the base offense level.   Jones timely pled guilty, admitted his involve-

ment, cooperated with the Government, agreed to be available to testify at the trial of Ran-

dall Robinson and has not obstructed justice.   With respect to a 3 point reduction Jones

asserts he has complied with the following relevant requirements of U.S.S.G. Sec. 3E1.1:

**§3E1.1.**    <u>**Acceptance of Responsibility**</u>

(a)      If the defendant clearly demonstrates acceptance of responsibility for his of-
fense, decrease the offense level by **2** levels.

(b)      If the defendant qualifies for a decrease under subsection (a), the offense level
determined prior to the operation of subsection (a) is level **16** or greater, and upon
motion of the government stating that the defendant has assisted authorities in the in-
vestigation or prosecution of his own misconduct by timely notifying authorities of
his intention to enter a plea of guilty, thereby permitting the government to avoid pre-
paring for trial and permitting the government and the court to allocate their resources
efficiently, decrease the offense level by **1** additional level.

*Commentary*

*Application Notes:*

*1.   In determining whether a defendant qualifies under subsection (a), appropriate considera-
tions include, but are not limited to, the following:*

*(A)    truthfully admitting the conduct comprising the offense(s) of conviction, and truth-
fully admitting or not falsely denying any additional relevant conduct for which the defen-
dant is accountable under §1B1.3 (Relevant Conduct).*

*(B)    voluntary termination or withdrawal from criminal conduct or associations;*

*(C)    voluntary payment of restitution prior to adjudication of guilt;*

*(D)    voluntary surrender to authorities promptly after commission of the offense;*

7

*(E)   voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;*

*(F)   voluntary resignation from the office or position held during the commission of the offense;*

*(G)   post-offense rehabilitative efforts (e.g., counseling or drug treatment); and*

*(H)   the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.*

*3.   Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).  However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.  A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*

*5.   The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review.*

*6.   Subsection (a) provides a 2-level decrease in offense level.  Subsection (b) provides an additional 1-level decrease in offense level for a defendant at offense level 16 or greater prior to the operation of subsection (a) who both qualifies for a decrease under subsection (a) and who has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps set forth in subsection (b).  The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific.  In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case.  For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.*

*Background:  The reduction of offense level provided by this section recognizes legitimate societal interests.  For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense by taking, in a timely fashion, the actions listed above (or some*

8

*equivalent action) is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility.*

*Subsection (a) provides a 2-level decrease in offense level.  Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps specified in subsection (b).  Such a defendant has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately meriting an additional reduction.  Subsection (b) does not apply, however, to a defendant whose offense level is level 15 or lower prior to application of subsection (a).  At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range.*

## VI. Conclusion

For the reasons stated herein, Jones respectfully requests the Court consider a departure well below the advisory guideline range.

Respectfully submitted,

/s/ Charles D. Hancock
CHARLES DANIEL HANCOCK
AR Bar No.: 2001022
Hancock Law Firm
610 East Sixth Street
Little Rock, AR 72202
(501)372-6400/fax: (501)3726401
E-mail: hancock@hancocklawfirm.com

Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

     I, Charles D. Hancock, certify that this document was e-filed and therefore e-served on Anne Gardner, Pat Harris and Patrick Benca this 23rd day of October 2013.

<u>/s/ Charles D. Hancock</u>
Charles D. Hancock
